**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 17, 2005[*]
Decided November 17, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 04-4200

| | |
|---|---|
| FREDERICK HENDRICKS, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin |
| *v.* | No. 03-C-817 |
| JO ANNE B. BARNHART, Commissioner of Social Security, *Defendant-Appellee.* | J.P. Stadtmueller, *Judge.* |

**O R D E R**

Frederick Hendricks was denied social security benefits after an Administrative Law Judge determined that his alleged short-term memory problems following surgical complications did not qualify him as disabled. The Appeals Council declined review, but the district court reversed the ALJ's decision and remanded the case to the agency for further proceedings because the ALJ did not obtain a valid waiver of counsel or fully develop the vocational expert's

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

testimony.  After again hearing testimony from both Hendricks and a vocational expert, the ALJ concluded that Hendricks retained the capacity to perform a significant number of jobs and was therefore not disabled.  The Appeals Council again declined review, making the ALJ's decision the final decision of the Commissioner of Social Security.  *Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).  Hendricks again sought review in the district court, but it upheld the Commissioner's decision.  For the following reasons, we affirm the judgment of the district court.

Hendricks applied for social security benefits, claiming total disability due to complications from emergency kidney surgery in 1995 that caused difficulties concentrating, clumsiness, some dizziness, and occasional anxiety attacks.  But at his second benefits hearing, he testified that he continued to drive, performed chores around the house including cooking, washing dishes, and mowing, and was able to play volleyball once a week.  At this same hearing, a vocational expert testified that, given Hendricks' age, education, work experience, and his residual functional capacity to perform simple, routine, low-stress work at a medium exertional level, there were 178,000 jobs in the state of Wisconsin that he could perform including cleaning, food preparation, message delivery, and unskilled assembly work.  The ALJ concluded that Hendricks was not disabled as defined in the Social Security Act "at any time through the date of this decision"—February 2003.

The district court affirmed the denial of benefits, concluding that the ALJ sufficiently developed the record during his colloquy with the vocational expert, and that substantial evidence supported the ALJ's residual functional capacity assessment.  Finally the district court concluded that Hendricks failed to produce sufficient evidence to show that the ALJ erred in calculating the date last insured as September 1998, and in any event Hendricks failed to show good cause for not introducing any such evidence during the administrative proceedings.

Hendricks' only argument on appeal is that the ALJ erred in not updating a finding that his insured status for benefits expired on September 30, 1998.  He asserts without elaboration that the ALJ should have updated his last-insured date to reflect unspecified work that he apparently had done after 1998.

Hendricks has failed to develop or substantiate his contention that the ALJ erred in identifying September 30, 1998 as the date he was last insured.  *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001) (dismissed under Fed. R. App. P. 28(a)(9)).  But even if there was an error, it was harmless.  *See Keys v. Barnhart*, 347 F.3d 990, 994-95 (7th Cir. 2003) (applying harmless error doctrine to Social Security disability decision).  Even if the ALJ had updated Hendricks' insured

status to extend through February 2003, the ALJ's decision reflects that he considered relevant medical reports from June and September 2002, showing that Hendricks suffered only mild cognitive deficit and no cognitive decline since 1996. The ALJ thus properly found Hendricks not disabled under the Social Security Act as of February 2003 and the doctrine of harmless error spares us from remanding this case for what would at most be an inconsequential error.  *See Keys*, 347 F.3d at 994-95.

In his self-styled "Statement in Lieu of a Reply Brief," Hendricks appears to raise novel arguments such as the potentially stress-inducing effects of the jobs identified by the vocational expert and the need for a psychiatric examination.  But he waived these issues by not raising them first in the district court.  *See Schoenfeld v. Apfel*, 237 F.3d 788, 793 (7th Cir. 2001).

AFFIRMED.